HENRY L. SANFORD and ENCARNACION SANFORD, Appellants, *v.* SAMUEL C. HEAD and JOSIAH MERRITT, Respondents.

The District Judge, whilst sitting in an equity cause, is possessed of all the powers of a Court of Chancery.

The District Court being a Court of general jurisdiction, can, in a case in equity, where fraud and collusion are charged against a Judge in entering an order or decree, review the same and annul it, if the facts justify such a conclusion.

A Court of Chancery has full power to set aside decrees obtained by fraud, on an original bill filed for that purpose.

APPEAL from the District Court of the Third Judicial District, Monterey County.

The defendant, Head, was administrator upon the estate of Jose M. Sanchez, deceased. Merritt was the Probate Judge of Monterey County.

The suit was a bill in Chancery, for the benefit of heirs, to set aside certain proceedings in the Probate Court. A statement of facts sufficient for a full understanding of the case, will be found in the opinion of the Court.

*Howard & Perley,* and *David S. Terry,* for Appellants.

The District Courts of this State have jurisdiction to vacate and annul a decree of a Probate Court, when obtained by fraud, and the only mode of impeaching such decree is by an original bill. Story's Eq. Pl., § 426. 1 Johns. Ch., 402. 2 J. J. Marsh., 405. Wright *v.* Miller, 1 Sandf. Ch., 120. Lafarge *v.* The People, 3 Cal., 130. Vanmeter *v.* Jones, 2 Gr. Ch., 520.

*D. R. Ashley,* for Respondents, cited no authorities.

BRYAN, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

In this cause, appellants in the Court below file their bill, setting up, amongst other things, that they are interested in the estate of one Jose M. Sanchez, deceased; and that an order was obtained from the Pro-

38

bate Judge of the County of Monterey. ordering them to pay over to Head, the administrator of the estate, the sum of $8,200.

It is further alleged by the complainants, that proceedings were commenced against the administrator at a subsequent period, the object of which was the removal of the administrator from office, and that whilst those proceedings were pending, the Probate Judge set aside an order staying proceedings on the part of the administrator.

The bill filed alleges fraud and collusion between the administrator and the Probate Judge, and seeks to set aside the proceedings in the Probate Court, for the benefit of heirs, upon the ground of collusion and fraud between the Judge presiding in the premises and the administrator.

Respondents demurred, upon the ground that the proceedings of the Probate Court could not be attacked or reviewed except upon appeal and the demurrer was sustained.

It is a familiar maxim of the law, that fraud vitiates every thing. The District Courts, by the Constitution of this State, are clothed with original jurisdiction in law and equity, where the amount in controversy exceeds two hundred dollars, exclusive of interest. The District Judge, whilst sitting in an equity cause, is possessed of all the powers of a Court of Chancery. The District Court being a Court of general jurisdiction, can, in a case in equity, where fraud and collusion are charged against a Judge, in entering an order or decree, review the same, and annul it, if the facts justify such a conclusion. Unless a Court of general jurisdiction possessed such a power over limited and inferior tribunals, such as Probate Courts, the rights of heirs and orphans might be at any time endangered without a remedy.

The doctrine seems to be admitted as unquestionable, that a Court of Chancery has jurisdiction to set aside decrees obtained by fraud on an original bill filed for that purpose. Such is the view taken in Wrights v. Miller, 1 Sandford's Ch. R., 120. It is also so held in Reigal v. Wood, 1 Johnson's Ch. R., 401.

The bill in this cause alleges a state of facts, which, if true, might forever prevent a party from obtaining his just rights in any other manner than by the interposition of a Court of Chancery.

The Judge himself who sits in the cause, is charged with collusion

with the administrator, in the misappropriation of the funds of the estate. We, therefore, consider that the Court below erred in sustaining the demurrer—holding that a Court of Chancery has full power in all cases where fraud and collusion is charged in the bill.

Judgment reversed with costs, and cause remanded for hearing.