ELIZABETH DECK *et al. v.* GERKE, Administrator, *et al.*

The jurisdiction of the Probate Court over testamentary and probate matters, is not exclusive.   Most of its general powers belong peculiarly and originally to the Court of Chancery, which still retains its jurisdiction.

Under former decisions of this Court, the District Courts, as Courts of Chancery, have assumed jurisdiction over probate matters, and as, probably, rights have vested under their decrees, and the principle asserted is more convenient in practice, it is not permissible now to question the jurisdiction.

The District Court may take jurisdiction of the settlement of an estate, when there are peculiar circumstances of embarrassment to its administration, and when the assuming jurisdiction would prevent waste, delay and expense, and thus conclude, by one action and decree, a protracted and vexatious litigation.

Appeal from the Twelfth District, County of San Francisco.

The facts, as stated in the opinion of the Court, are as follow :

The appellants filed this bill against the respondents in the District Court for the Twelfth District.   They claim to be the heirs and distributees of one Auguste Deck, who died in this State, leaving a large real and personal estate.   The defendant, Gerke, was the administrator of the estate, and took possession of the personal property and of the realty.   It is charged that he has not settled his accounts, and that he is largely liable on account of his administration.   One of the purposes of the bill is to obtain a settlement of this account, and a decree of distribution.   The bill charges that Gerke was removed from the administration of the estate by the Probate Court, and that one Samuel Flower was appointed in his place ; that Gerke appealed from this order to the Supreme Court, where the order was reversed in part, but not in respect to this subject of removal, and that Gerke claims to be in office ; that Robert C. Rogers succeeded Flower as general administrator, and, without further authority, has seized upon a portion of the assets of the estate.   The bill further charges that a certain woman, who claims to have been the wife of Deck, sets up a claim to the estate, and that her claim is unfounded ; and that she also claims that her infant child is the child of Deck, and entitled, as heir, to the estate, but that the claim is unfounded.   The bill prays a settlement of the estate, distribution, and the appointment of a receiver.

A general demurrer was interposed by Gerke, which assails the juris-
diction of the District Court; which demurrer was sustained.   This
appeal raises the question whether, upon these facts, the District Court
has jurisdiction.

*Heydenfeldt* for Appellants.

It is insisted that the District Court, as a Court of Equity, has
jurisdiction in this cause.

1st. On the ground of fraud  and implication in the administration
of the estate.

2d. On the ground of the right to decree distribution.

3d. To make the various administrators account.

4th. For the security of the estate by appointing a receiver.

5th. In order to determine a disputed succession to the estate.
Mathews *v.* Newby, 1 Vernon, 133 ; Howard *v.* Howard, *Ib.* 134 ;
Buel *v.* Atler, 2 Vernon, 37 ; Bissel *v.* Axtel, *Ib.* 47 ; Clarke *v.*
Perry, 5 Cal. 58 ; Sanford *v.* Head, *Ib.* 297 ; Chevy *et al. v.* Belcher,
5 Stew. 133 ; 1 Story's Equity, sec. 530.

*Daniel Rogers* for Respondent Robert C. Rogers.

1st. The District Court had no jurisdiction.

The jurisdiction of a Court of Equity in matters pertaining to the
administration of estates, is essentially a concurrent jurisdiction, and
is based upon the grounds of a constructive trust, and that the remedy
at law is not plain, ample and complete.

By an examination of all the cases where the extraordinary powers
of a Court of Equity have been invoked in matters pertaining to the
administration of estates, it will be found that they proceed upon the
ground that the proceedings are vitiated by fraud, or that the Spirit-
ual or Probate Courts, by reason of their limited powers, could not
afford the relief demanded.

In cases of distribution, involving as they did, the discovery and
ascertainment of debts, the taking of accounts, the marshaling of assets,
legal and equitable, and the compulsory payment of debts, it was found
that the powers of the Spiritual Courts were defective and lame, and
hence the necessity of the interposition of a Court of Equity.

These Courts were better adapted to settle the various questions arising between creditors, legatees and the representatives of estates, on account of the general and unlimited powers which they possessed, and also by reason of the jurisdiction of the Spiritual Courts being so prescribed.

Because, 1st. The complainants have a complete remedy in another tribunal.

Courts of Equity will not assume jurisdiction, where the parties have in another tribunal a plain, ample, adequate and complete remedy.

By our judicial system, all matters pertaining to the administration of estates, are invested in the Probate Court.

It is not pretended that in all such matters, that this Court has original and exclusive jurisdiction, but a concurrent jurisdiction with the Courts of Equity.

The Probate Court is a creature of the Constitution, and is essentially a Court of Chancery.   In its practice, forms, and general modes of relief, it is similar to that of the Courts of Equity.

The Probate Court has been designated as a Court of inferior and limited jurisdiction.   This is true, by reason of its powers being derivative, for it exercises only those which are conferred upon it by express and implied legislation.   It is also a Court of limited jurisdiction, on account of the subjects of its jurisdiction, because they are particularly defined by legislative enactment.

But within its peculiar orbit, the jurisdiction of the Probate Court is extensive, and its remedies plain, ample and complete, and to a certain extent, the jurisdiction is original.

By statutory enactment, the Probate Court is invested with extensive and peculiar powers, and the remedy which the complainants seek can be attained in this tribunal.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

Apart from the previous decisions of this Court, it might be questioned whether the Probate Court, under our Constitution, did not possess an exclusive jurisdiction over testamentary and probate matters. (Blanton v. King, 2 How. Miss. 856 ; Carmichel v. Browder, 3 How.

Miss. R. 252; Force v. Graves, 4 S. & M. 707.)     But this Court has recognized a different rule.   In Clark v. Perry, (5 Cal. 60) it was held: "The Probate Court is a Court of special and limited jurisdiction..   Most of its general powers belong peculiarly and originally to the Court of Chancery, which still retains all its jurisdiction..  Where, therefore, a bill is filed in Chancery against an administrator, to compel him to account, by one who has not been an actual party to a proceeding or settlement in the Probate Court, he may totally disregard such proceeding or settlement; and although the settlement in the Probate Court is a final settlement, the complainant, who was no party to it, may treat it as a nullity, and proceed to invoke the equitable powers of the District Court, and compel the administrator to a full account."     And in Sanford v. Head, (5 Cal. 298) the same doctrine was reaffirmed in emphatic terms.   The ground upon which equity took jurisdiction in England in such cases was, that the Spiritual Courts were not able, from their Constitution, to afford adequate and complete relief.   (1 Story's Eq. Jur., sec. 530 et seq.)  Though much of the reason of this rule is removed in most of the States of the Union where Probate Courts exist, yet the power of the Chancery Court to interpose for the settlement of accounts, and the enforcement of trusts of this sort, is maintained.   Under the decisions of this Court, Chancery has assumed jurisdiction over such subjects, and as, probably, rights have vested under their decrees, and the principle asserted is more convenient in practice, we think it is not permissible now to question the jurisdiction.   This case is peculiarly fitted for the exercise of this equitable power ; for the estate seems to be in confusion, and the matters connected with its settlement complicated, requiring from the Probate Court, and probably afterwards from other Courts, various expensive and tedious proceedings ; whereas, all these questions may be determined in a single action, and this protracted and expensive litigation brought to a termination within a reasonable period.   The Court can direct or decide the appropriate issues, refer the various accounts, and make the proper decree of settlement or distribution. The fact that there is a suit now pending between the alleged widow and the heirs, is no bar ; for this proceeding, embracing the whole subject touching the estate, involves also, as a part of it, this litigation ;

besides, it does not appear by the bill, that the parties to this bill are the same as in that case.   Nor is the objection well taken that these matters, being before the Probate Court, and that Court having concurrent jurisdiction, Chancery will not interpose.   The *entire* controversy, and *all* these parties, are not charged to be before the Probate Court; and if they were, in different aspects and in several portions of the subject, yet this seems to us to be the best mode of solving and settling the whole controversy; and, perhaps, on this ground alone, and to prevent multiplicity of suits, Chancery, having control of the general subject, the jurisdiction of that forum could be maintained.

It is not necessary to hold, nor do we hold, that Chancery has jurisdiction to open an account or other matter settled by the Probate Court, except under peculiar equitable circumstances ; nor do we decide that the District Court may withdraw from the Probate Court, under ordinary circumstances, the settlement of an account, or the power of distributing an estate ; but, limiting ourselves to the case before us, we hold that the District Courts may take jurisdiction of the settlement of an estate, or of a trust of this sort, when there are peculiar circumstances of embarrassment to its administration, and when the assuming of jurisdiction would prevent great delay, expense, inconvenience and waste, and thus conclude, by one action and decree, a protracted and vexatious litigation.   We see no necessity for the appointment of a receiver in such case as this, as, upon the facts stated in the bill, no difficulty should exist in determining which is the rightful administrator of several claiming the office, and no complaint is made as to the sufficiency of the bonds of any one.

Judgment reversed and cause remanded for further proceedings.