LOVELAND *v.* SEARS.

JURISDICTION *of district and probate courts.* District and probate courts, within the limits prescribed to the latter, are of concurrent jurisdiction.
CERTIORARI will not lie from a district to a probate court.

*Appeal from District Court, Arapahoe County.*

Messrs. MILLER & MARKHAM, for appellant.

Mr. E. L. SMITH, for appellee.

HALLETT, C. J.   After judgment in the probate court,
the cause was removed to the district court by *certiorari*,
and the latter court quashed the writ upon appellee's
motion.   In his petition to the district court, the appellant
prayed that the writ might be issued in pursuance of the
statute, but it is not possible to ground this proceeding
upon that act.   The act refers to proceedings before justices
of the peace, and it is impossible to extend it to probate
courts.   If, in this instance, the probate judge had been
acting as a justice of the peace, there would be some ground
for saying that the proceedings were subject to removal
according to the statute, but such was not the fact.   The
cause originated in the probate court, and was not within
the jurisdiction of a justice of the peace.   Therefore this
writ cannot stand upon the statute, and we will now inquire
whether it may stand upon the common law.

By the common law the writ of *certiorari* lies for the
removal of causes from an inferior to a superior tribunal.
1 Tidd's Prac. 398.

Hence the first question arising in every case is as to the
jurisdiction of the court from which the writ is issued; for
if the court to which the cause is taken is not superior to
that from which it is removed, of course the writ is nuga-
tory.   In *Davis* v. *Cass, ante,* 43, this court held that the dis-
trict and probate courts, within the time prescribed to the
latter, were of concurrent jurisdiction, the supreme court
being invested with authority to revise the proceedings of
either.   It is true that in that case the subject of appeals
only is discussed, and nothing is said of the proceeding by
*certiorari*.   Nevertheless, the power to review the decisions
of probate courts was found to be in the supreme court and
not in the district court, and this is decisive of this question.
It would be strange indeed if district courts could review

proceedings of probate courts upon *certiorari* when they are unable to proceed to the same result upon appeal or writ of error.

The judgment of the district court is affirmed, with costs.

*Affirmed.*