[No. 6,407.—Department No. 1, and in Bank on Petition for Rehearing.]

## ALDRICH v. WILLIS ET AL.

GUARDIAN—EXECUTOR—WILL.—A testamentary executor or guardian cannot act as such until he qualifies, and letters are issued to him: until then his acts are void.

ID.— ADMINISTRATOR DE SON TORT—INFANT.— One wrongfully intermeddling with the property of an infant is sometimes held by equity as a guardian, (as in the case of an administrator *de son tort*) for the purpose of an accounting; but he acquires none of the rights.

MORTGAGE — ACCEPTANCE — DELIVERY — EXECUTOR — GUARDIAN—TRUSTEE — INFANT.—A testator bequeathed to his niece, A. W., (a minor) the proceeds of certain lands, but provided that the said proceeds might be used to pay a debt of his brother, H. W. (father of A. W.), and that in such case H. W. should give a mortgage upon his farm, to secure the repayment of the money.

An executor and guardian of A. W. was appointed by the will, who was authorized to appoint a successor, and who, after having qualified, resigned his trust, and appointed H. W. as executor and guardian; and H. W. thence-forth acted as such, but without qualifying or receiving letters.

H. W. having come into the possession of the bequest to A. W., and appropriated the same to his own use, executed to her, to secure its repayment, a note and a mortgage upon his farm; and caused the latter to be recorded; but the note and (except for the purpose of being recorded) the mortgage were never out of his possession, and were never delivered to A. W. or to any person for her, otherwise than as above stated; and H. W., acting as guardian, afterward entered satisfaction of the mortgage on the record; but the same was, in fact, not paid.

Afterward H. W. borrowed money of the plaintiff's assignor, and executed another mortgage on his farm to secure it.

In an action to foreclose the latter mortgage, in which A. W. was made a party defendant, *held*, (by the Department) that H. W. never became executor or guardian of A. W.; but that, having received her money, he became her trustee, and that, having spent it, his mortgage to her was valid; and, being for her benefit, that the fact of its being set up in her answer, by her guardian *ad litem*, and relied upon and proved in the case, was sufficient evidence of its delivery and acceptance, and that the satisfaction entered by H. W. was void; and *held further*, (by the Court in bank and on petition for rehearing) that the mortgage was given in compliance with the terms of the will, and that a voluntary acceptance by the infant was unnecessary, since the law compelled her acceptance; that she took under the will, and was bound by its terms.

ID. —EQUITABLE ASSIGNMENT—SUBROGATION — PLEADING — FINDING. — Prior to the mortgage to A. W., H. W. had mortgaged his farm to one H., and this

mortgage, by agreement with the plaintiff's assignor, was paid out of the
moneys loaned by him, and it was claimed by him that the transaction con-
stituted an equitable assignment of the H. mortgage, and that he was en-
titled to be subrogated to the rights of H.; but *held* that, as he did not sue
as assignee of H., but only to foreclose his own mortgage, the question could
not be considered, and that any finding upon the subject was outside of
the issues.

APPEAL from a judgment for the plaintiff in the Eighteenth
District Court, County of San Bernardino.  McNEALY, J.

Action for the foreclosure of a mortgage for the sum of
$3,000, executed May 21st, 1874, by Henry M. Willis to H. L.
Drew, and by the latter assigned to the plaintiff.  The com-
plaint alleges (besides the usual allegations) that the defendant,
Amelia Willis, claims that prior to this mortgage, (to wit, March
20th, 1874) Henry M. Willis had made his note and a mort-
gage on the same land to her, to secure the repayment of money
received by him as her guardian, and appropriated to his own
use ;  but the complaint alleges that the said note and mort-
gage were never accepted on behalf of said Amelia (who
was then a minor seven years old) by any court, tribunal,
or person, and that the actions of the said Henry M. Willis as her
guardian were not, in that or any other respect, ever ratified by any
person, court, or tribunal ; and that thereafter, and before any
acceptance thereof, the said Henry M. Willis canceled the
said mortgage of record.  The complaint further alleges that,
prior to both of said mortgages, another mortgage upon the
same land had been executed by Willis to one Hubbell, upon
which there was due at the date of the Drew mortgage about
$2,400, and which was paid out of the money borrowed from
Drew, under the agreement that the Drew mortgage should
stand in the place of the Hubbell mortgage, and be a first lien
upon the land.

The answer of Amelia Willis sets up the mortgage executed
to her by Henry M. Willis, and alleges that the same was duly
recorded on the day of its execution, and has never been paid
or satisfied, and claims that it constitutes a prior claim to the
mortgage of the plaintiff.  It also denies the alleged agreement
between Henry M. Willis and Drew with reference to the Hub-
bell mortgage.

The material facts of the case, as found by the Court, are as follows:

On the 27th of May, 1871, one Edwin A. Willis, (brother of Henry M.) died, and by his will bequeathed to his niece, Amelia, the proceeds of certain land, which he directed should be sold by his executor. The will further directed that out of the proceeds the executor should (in a certain contingency) pay off a certain mortgage on the farm of his brother Henry (the same land covered by the mortgages aforesaid) ; and that in case this was done, the executor should take a mortgage from his said brother on his farm, for the benefit of the said Amelia, for the money so paid. The will appointed one N. J. Pishon, as executor and as guardian of the said Amelia, and authorized and empowered him to appoint any other suitable person, in his place, as such executor and guardian. The will was duly probated, and Pishon qualified as executor and guardian, but afterward resigned, and appointed as his successor Henry M. Willis, who entered upon the discharge of his duties as such guardian and executor, and continued to act as such until the date of the trial ; but without qualifying or receiving letters.

Afterward, Pishon and Henry M. Willis sold the land referred to in the bequest, and the purchase-money, amounting to the sum of $3,170, was paid to Willis, and was by him appropriated to his own use; and to secure the repayment of this money, he executed to the defendant, Amelia Willis, the note and mortgage referred to in the pleadings: the latter was duly recorded on the day of the execution.

Afterward, to wit, on the 26th day of April, 1875, Henry M. Willis, acting as guardian of the defendant Amelia, caused to be entered of record in the Recorder's office a satisfaction of the said mortgage ; but in fact the note secured by the mortgage was never paid.

On May 1st, 1875, Henry M. Willis borrowed of the plaintiff's assignor, Drew, $3,000, and to secure the same executed the mortgage sued upon ; and a portion of the money thus borrowed, (viz., $1,800) was used to satisfy the Hubbell mortgage, but there was no agreement or understanding between the parties to the mortgage, except that the Hubbell mortgage should be paid out of the proceeds of the loan.

Amelia Willis, at the time of the execution of the mortgage to her, was a minor, seven years old, living with and under the control of her father, Henry M. Willis ; and in executing the note and mortgage, Henry M. Willis acted wholly under the will, and without any agreement with Amelia, or with any person, court, or tribunal in her behalf ; and the note and mortgage was in the possession of Henry M. Willis from the time they were executed until the commencement of the action ; and were never delivered to the said Amelia, or to any person, court, or tribunal for her, except so far as causing said mortgage to be recorded was a delivery.

*J. D. Boyer*, for Appellant.

The Court finds that it, the mortgage to respondent, was never delivered, except so far as causing it to be recorded was a delivery. This is equivalent to a finding that there was no delivery. (*Barr* v. *Shroeder*, 32 Cal. 616 ; *Parmelee* v. *Simpson*, 5 Wall. 81; *Younge* v. *Guilbeau*, 3 id. 636 ; *Hawkes* v. *Pike*, 105 Mass. 560 ; *Maynard* v. *Maynard*, 10 id. 456 ; *Jackson* v. *Phipps*, 12 Johns. 418 ; *Woodbury* v. *Fisher*, 20 Ind. 388 ; 3 Wash. on R., P. 254, 264–5; *Lessee of Mitchell* v. *Ryan*, 3 Ohio St. 387 ; *Hulich* v. *Scovil*, 9 Ill. 159 ; *Bennett* v. *Waller*, 23 id. 97.) The Court found as an ultimate fact that the guardian, acting as such, caused the mortgage of respondent to be discharged of record. It makes no difference whether the mortgage was in fact paid or not : on this point the record is conclusive.

The plaintiff was entitled to be subrogated to the rights of Hubbell under the first mortgage. (*Carr* v. *Caldwell*, 10 Cal. 384; *Swift* v. *Kraemer*, 13 id. 530; *Dillon* v. *Byrne*, 5 id. 456; *Birrell* v. *Schie*, 9 id. 104 ; *Himmelmann* v. *Schmidt*, 23 id. 117 ; Bouvier's L. D., title " Subrogation.")

*C. W. C. Rowell*, for Respondent.

The receipt of the proceeds of the sale of the testator's estate, by H. M. Willis, constituted him a trustee ; and their application was in strict conformity with the directions of the will. (2

Perry on Trusts, §§ 511 b, 511 c, 783; 2 Daniel's Ch. 1362; 2 Story Eq. Jur. § 1356; 1 id. 511.)

The pretended satisfaction of the mortgage was void on its face, and imparted notice to every one of its absolute nullity. (5 Curt. Dec. 476; 16 id. 191; 13 N. Y. 592; 1 Perry on Trusts, §§ 203–4 *et seq.*; 44 Cal. 112; 49 id. 292; Civ. Code §§ 250, 2230, 2243, 2244.)

McKINSTRY, J.:

Defendant Henry M. never became executor of the estate of Edwin A. Willis, deceased. He did not qualify, nor were letters testamentary issued to him. Nor was he guardian of the person, or property, of the infant, Amelia Willis, Jr. True, one wrongfully intermeddling with the property of an infant is sometimes held by equity as a guardian, but only (as in the case of an *administrator de son tort*) for the purpose of an accounting; he acquires none of the rights of a guardian. Pishon was appointed testamentary guardian—an office not in itself assignable, because a personal trust. If, however, it could be held that the policy of our law will permit a testator to provide by his will that a testamentary guardian therein appointed may delegate his powers, Henry M. never gave bond, nor qualified, as required by § 1758 of the Code of Civil Procedure.

Nevertheless, Henry M. Willis was a trustee, holding the moneys of the infant, Amelia, Jr., which came into his hands in trust for her. The mortgage executed by him to secure such moneys was altogether for her benefit, and the fact that it is set up in her answer by her *guardian ad litem*, and relied upon herein, constitutes sufficient proof of delivery to and acceptance by her.

The Court below found that there was no registered *satisfaction* of the mortgage to Amelia, Jr., other than one "caused to be entered" by defendant Henry M. Willis, "acting as guardian." We understand this to be a finding that the marginal satisfaction purports to be executed by him *as* guardian. Whether, however, his pretended character appears upon the record is immaterial, since he was not in fact guardian. The record then showed an attempted satisfaction of a mortgage by

the *mortgagor*, and plaintiff's assignor took with full notice that the prior incumbrance had not been satisfied.

It is urged by counsel, that inasmuch as it was agreed between the assignor of plaintiff and defendant, Henry M. Willis, that the Hubbell mortgage should be paid out of the moneys loaned by the former, and the sum was paid then and there, the transaction operated an equitable assignment of the Hubbell mortgage; that the instrument sued on is in legal effect a continuation of the Hubbell mortgage, and, to the extent that the money loaned was used to pay off the Hubbell incumbrance, plaintiff should be decreed priority over the mortgage to Amelia Willis, Jr. Any finding on that subject, however, is entirely outside of the issues made by the pleadings, and one conclusive answer to the proposition of counsel is, that plaintiff has not sued as assignee of the Hubbell mortgage, but has brought this action to foreclose the mortgage to Drew.

Judgment affirmed.

MORRISON, C. J., and ROSS, J., concurred.

THORNTON, J. (in bank, on petition for rehearing):

The petition for a rehearing before the Court in bank in this case is denied.

The second paragraph of the opinion of Department No. 1 is in these words: "Nevertheless, Henry M. Willis was a trustee holding the moneys of the infant Amelia, Jr., which came into his hands in trust for her. The mortgage executed by him to secure such moneys was altogether for her benefit, and the fact that it is set up in her answer by her *guardian ad litem*, and relied upon (*and proved*) herein, constitutes sufficient proof of delivery to and acceptance by her." To which we desire to add, "and this must be so, since if it (the mortgage) had not been for the benefit of the infant, the Court below, it must be presumed, as it had control over the conduct of the *guardian ad litem*, would not have allowed him to set it up." (Story's Eq. Jur., § 1349-1353 inclusive; *Sanford* v. *Head*, 5 Cal. 297; *People* v. *Houghtaling*, 7 id. 348; *People* v. *Davidson*, 30 id. 379; *Dougherty* v. *Creary*, id. 290; *Joyce* v. *McAvoy*, 31 id. 279, *et seq.*)

The words " *and proved* " in parenthesis in the above quoted paragraph are inserted by us to indicate the proper construction of the former opinion.

We are further of opinion that the facts as found show that the mortgage as taken was in exact compliance with the terms of the will, and in that view, a voluntary acceptance by the infant was unnecessary—since the law compelled her acceptance. She takes under the will, and is bound by its terms. (*Morrison* v. *Bowman*, 29 Cal. 346.

Whether Henry M. Willis was guardian or not we consider immaterial. The same result follows whether he (Willis) was or was not the general guardian of the infant Amelia Willis.

SHARPSTEIN, J., MYRICK, J., McKEE, J., and McKINSTRY, J., concurred.