it sufficiently appears that the defendants employed both in gaining possession of the mine.

A careful examination of the record leads us to believe that the decree of the court below is supported by the weight of evidence, and did substantial justice between the parties. It is therefore affirmed.

*Affirmed.*

---

## LIDDICOAT V. TREGLOWN ET AL.

1. When an administrator commits *devastavit* and absconds, the proper remedy is upon his bond.
2. To make use of legal pleadings to attribute corrupt motives to the officers of a court, and to insinuate a conspiracy between the judge, parties and opposing counsel to defeat justice, without a foundation in fact clearly appearing, is an abuse of the privilege of an attorney deserving severe rebuke.
3. Under the statute (General Laws, sec. 2830) letters of administration shall issue out of the county wherein the intestate resided next previous to his death.
4. In cases where the general equity powers of the district court are invoked to oust a county court of jurisdiction in matters of probate and administration of estates, the district court will, if it assume jurisdiction, look to the facts alleged and proved, not to the prayer for relief.

*Error to District Court of Clear Creek County.*

THE case is stated in the opinion.

Mr. W. T. HUGHES, for plaintiff in error.

Messrs. MORRISON and FILLIUS, for defendants in error.

STONE, J.  The relief prayed for by complainant in the court below is that the proceedings of the county court of Clear Creek county relating to the administration of the estate of Joseph Liddicoat, deceased, be declared null and void, and that the district court " take charge of said estate and cause it to be administered in pursuance of law."

Two successive judges of the said county court, two successive administrators of the estate, one person to whom a sum of money is alleged to have been paid out of the estate funds, and two attorneys acting in the matter of the estate in the county court, are made co-defendants in the suit.

The basis of the relief sought is the alleged mismanagement, mal-administration and waste of the estate by the administrators respectively, the imputed connivance therein of the county judges and the attorneys named, and that the county judge and administrator having charge of said estate neglect and refuse to proceed to a final settlement of the estate, and to make distribution thereof to the plaintiff as sole heir of the deceased.

To the complaint a demurrer was interposed setting up numerous objections, the substance of which is that no facts are set forth sufficient to warrant the court in granting the relief prayed for. The demurrer was sustained by the court, and the cause dismissed, and the error assigned is to the judgment of dismissal.

If it be true, as is partly alleged and partly stated inferentially in the complaint, that nearly six years ago the deceased died possessed of an estate worth $3,000, consisting entirely of personal property, without a single creditor, leaving neither widow nor child, and but a single heir to the estate, his father, the plaintiff, residing in England; that an administrator was appointed and entered upon his duties within ten days after his intestate deceased, and that after the lapse of nearly three years — up to the time of filing the complaint herein — only about $900 of the assets of the estate were left remaining in the hands of the administrator, and that the heir could not get a distribution of even this remnant; and if it were further true that the plaintiff and his attorney were all this time attempting to procure through the court and its officers a settlement of the matter of the estate by proper steps, which were unavailing, it would be a sad

reflection upon the efficiency and fidelity of the court, or the administrator, or both, who were charged by the law with so important and responsible a trust as the prompt and just disposition of the estate of the dead.

And if it were still further a fact, as is insinuated in the complaint, and insisted in argument, that all the parties defendant were more or less conniving at delay in the administration, waste of the estate, and withholding information respecting the matter from the plaintiff and his attorney, in the face of proper efforts on the part of the latter to close up the administration, such a state of affairs would, beyond question, warrant the intervention of another tribunal, competent and willing to administer justice in the premises.

But the complaint fails to state sufficient facts from which such a complete history of wrong can be reasonably inferred. It does show an apparently unreasonable delay in the settlement of a personal estate, without creditors or contention of heirs. It also shows unaccountable expense of administration or loss of assets, unless the value of the estate was overestimated at the time letters of administration were granted.

But there is no such averment of facts as to show that due diligence was used by the complainant; or in other words, it is not made to appear that complainant took all the proper steps to assert his rights, much less to exhaust his remedies, in the county court. It is rather vaguely alleged in the complaint, that he, at certain times, "requested the administrator to settle up the estate;" that he has proposed a distribution to the heirs; that no sufficient inventory, reports or exhibits have been made by the administrator, wherefore plaintiff cannot obtain satisfactory information of the condition of the estate, etc.; but it is not averred that a single citation has ever been demanded or asked, to compel the administrator or other person having assets, or owing the estate, to appear and account, answer under oath, report, or pay into court any money or

proceeds withheld, nor has any suit or other compulsory process been commenced or invoked to make good any of the alleged deficiencies or defaults of the administrator's securities, or persons liable to the estate. It is alleged that the first administrator committed *devastavit* of the estate and then absconded to parts unknown. If so, the proper remedy for his liability is upon his bond, and there is no showing that this cannot be obtained under the ample provisions of the law for such cases.

It is insisted in argument by counsel for plaintiff that the county court was without jurisdiction by reason of the residence of the deceased at and previous to his death in the county of Summit, but this objection is not so set out in the complaint as to properly raise the question for consideration. The petition for letters of administration recites that "Joseph Liddicoat, late of said county" (Clear Creek), "departed this life about the 29th of November, 1876." It is not stated in what county the death occurred, nor in what county the estate was situate at the time the letters of administration were applied for. Our statute (General Statutes, sec. 2830) provides that as to residents of the state "letters of administration shall issue out of the county court of the county wherein the intestate resided next previous to his death."

In the case of *Becket v. Selover*, 7 Cal. 233, the court, in construing the California statute which declared that "administration shall be granted first in the county of which the deceased was a resident at or immediately previous to his death," it was held that while the death and the county wherein it occurred were jurisdictional facts which must appear in the petition for letters of administration, yet the averment in the petition describing the deceased as "late a resident of San Francisco county," was of equivalent meaning with the statutory words, and therefore sufficient.

While, for the reason above stated, we are not called upon to determine this question here, we may as well

say in passing, that it would seem, upon the above authority, that sufficient was set out in the application for letters in this case to warrant the county court in assuming jurisdiction.

It is to be regretted that counsel for plaintiff has seen fit in his complaint to predicate in a great measure the relief sought upon mere belief and insinuations of personal ill-feeling between himself and the judge of the county court. To make use of legal pleadings in attributing corrupt motives to the officers of the court, and to insinuate a course of conspiracy between the judge, the administrator and the attorneys on the other side to defeat justice, without a foundation in fact clearly appearing, is an abuse of the privilege of an attorney deserving severe rebuke.

The complaint falls far short of specifically setting out facts sufficient to show that the relief to which the complainant is entitled could not be afforded by the court which already has jurisdiction of the subject matter.

Whether our district courts are vested with original jurisdiction to administer upon the estates of deceased persons, except in the particular cases specified in our statute, is a question we need not determine. If it be conceded that the district court, under its general equity powers, could grant relief such as is herein prayed for, and that upon a proper showing might be called upon to afford both equitable and legal relief when the inferior tribunal either cannot or will not act, yet it is only when such a case is presented, or to avoid multiplicity of suits, that the district court will summarily oust the county court and supersede its appropriate jurisdiction touching matters of probate and administration of estates. *Walker v. Cheever*, 35 N. H. 339; *Freeland v. Dazey*, 25 Ill. 296; *Deck v. Gerke*, 12 Cal. 433; 1 Story's Eq. sec. 543. And in all such cases the court will look to the facts alleged and proved, and not to the prayer for relief. Pomeroy's Remedies, sec. 84.

For these reasons the demurrer was rightfully sustained, and the judgment of the district court will be affirmed.

*Affirmed.*

[Mr. Justice BECK having presided at the hearing of this case in the court below, took no part in this decision.]