### IN RE ROGERS.

1. EXERCISE OF ORIGINAL JURISDICTION BY SUPREME COURT.— It is the settled practice of this court not to exercise its original jurisdiction except in cases *publici juris,* or in cases where it is shown that a refusal to take jurisdiction would practically amount to a denial of justice.

2. CERTIORARI FROM DISTRICT TO COUNTY COURTS.— Compared with the district courts, the county courts are, in point of jurisdiction, inferior to, and their judgments and proceedings are subject to review by writs of *certiorari* from, the district courts, as provided by chapter 28 of the code.

*Application for a Writ of Certiorari.*

Messrs. Rogers, Shaffroth & Whitford, for petitioners.

Messrs. Bucklin, Staley & Safely, for respondent. .

Mr. Justice Elliott delivered the opinion of the court.

This is an original application in this court for a writ of *certiorari* to the county court of Mesa county. It is set forth in the affidavit upon which the application is based that the county court has exceeded its jurisdiction in the matter of certain condemnation proceedings therein pending under the act of eminent domain, etc.

Upon presentation of the affidavit a rule was granted to show cause why the writ should not issue, with the express understanding that, if it should be found that the district courts have jurisdiction in such cases, the rule would be discharged. It is the settled practice of this court not to exercise its original jurisdiction except in cases *publici juris*, or in cases where it is shown that a refusal to take jurisdiction "would practically amount to a denial of justice." *Wheeler v. Irrigation Co.* 9 Colo. 248.

The writ of *certiorari* provided by chapter 28 of the Code of Civil Procedure is the same in substance as the common-law writ which lies for the removal of causes from an inferior to a superior tribunal. Since no appeal lies from the county court to the district court in condemnation proceedings, it is assumed by counsel for petitioner, on the authority of *Loveland v. Sears*, 1 Colo. 194, that the district court is not superior to the county court in respect to such proceedings; and consequently that the district court is without jurisdiction in this case to review the proceedings of the county court upon *certiorari*. The decision in *Loveland v. Sears* was based upon the prior decision of *Cass v. Davis*, id. 43, which

was to the effect that the territorial statute providing for appeals from the probate court to the district court was repugnant to the organic act of the territory, giving those courts concurrent jurisdiction in civil cases to a certain amount. Without questioning the correctness of these decisions under the organic act, it is plain they do not apply to the organization of our judicial system under the constitution.

The jurisdiction of the county court in civil cases is not fixed by the constitution; but it is expressly declared that such jurisdiction may, within certain definite limits, be prescribed by law, and also that appeals may be taken from the county to the district court in such cases as may be provided by law. Art. 6, § 23. The writ of *certiorari* was denied in the case of *Loveland v. Sears,* not because appeals *were not* provided for from probate to district courts, but because the opinion had been expressed in *Cass v. Davis* that such appeals *could not* be thus provided for. This reason certainly does not now obtain.

The district courts of this state are invested by the constitution with "original jurisdiction of all causes, both at law and in equity, and such appellate jurisdiction as may be conferred by law." Art. 6, § 11. This language is broad enough to include writs of *certiorari,* as well as the other extraordinary and remedial writs of which the supreme court is invested with jurisdiction by section 3 of the same article. The original jurisdiction of the district courts is, by the constitution, general and unlimited, subject only to reasonable statutory regulation, and the lawful supervision of the supreme court; while, as we have seen, the jurisdiction of the county courts is limited, and, with certain exceptions, purely statutory. Hence, as compared with the district courts, county courts are in point of jurisdiction inferior, and their judgments and proceedings are subject to review by writs of *certiorari* from the district courts, as pro-

vided by chapter 28 of the code. *Connor v. Estate of Connor*, 4 Colo. 74; *Liddicoat v. Treglown*, 6 Colo. 47; *People v. Wilkinson*, 13 Ill. 660.

In view of the conclusion at which we have arrived, we express no opinion as to the merits of this application. We have no doubt of the jurisdiction of the district courts in proper cases of this kind; and hence we must decline to exercise the original jurisdiction of this court herein. In doing this it may not be improper to refer to the extent of the appellate or principal jurisdiction of this court. There are now fifty-five counties in this state, for each of which, county and district courts are established, besides criminal courts in two counties. These courts of record are presided over by sixty-nine different judges; and the judgments and proceedings of each of these tribunals are subject to review by this court upon appeal or writ of error. Under these circumstances, considering the novel and diversified character of our litigation, and the over-burdened condition of the docket of this court as an appellate tribunal, it is an imperative necessity, and it should not be a subject of surprise, that we endeavor to restrict its original jurisdiction to the smallest limits consistent with the administration of justice. The rule to show cause is discharged, and the application for writ of *certiorari* is denied.

*Application denied.*