[No. 9,219. Department One. — September 3, 1884.]

IN THE MATTER OF THE ESTATE OF L. M. CURTISS, DECEASED, NETTIE GILMAN ET AL., CONTESTANTS AND APPELLANTS, *v.* G. L. CURTISS ET AL., ADMINISTRATORS OF THE ESTATE OF L. M. CURTISS, DECEASED, RESPONDENTS

ESTATES OF DECEASED PERSONS — SETTLEMENT OF ACCOUNTS — JURISDICTION — EQUITY. — When an executrix, who is also one of the devisees and distributees of an estate, and who has made an assignment of her interest, resigns her trust, and dies without having rendered any account or report, and administrators have been appointed in her stead, the rights of the parties in interest cannot be determined in a proceeding by the administrators for a settlement of their accounts and for distribution. The accounts of the executrix must be adjusted and determined in a court of equity.

APPEAL from an order of the Superior Court of the county of Yolo, denying a motion for a new trial.

The facts appear in the opinion of the court.

*Freeman & Bates,* and *White & George,* for Appellants.

*Charles F. Hanlon,* for Respondents.

ROSS, J. — L. M. Curtiss died testate in the county of Yolo on the 31st of December, 1870, leaving surviving him his widow, Esther Cordelia Curtiss, and three sons, Wilber C., Gilbert L., and Harvey T. Curtiss. All of the estate of the decedent, which was a large one, was the common property of himself and his said wife. By the will of decedent his widow was nominated executrix, and upon the probate of the will she was duly appointed executrix and thereupon entered upon the discharge of the duties of her trust. By his will the testator, after making provision for an orphan and a bequest of five thousand dollars to a grandson, bequeathed all of his estate remaining after the payment of his debts, to his widow and sons in equal parts. During the widow's administration of the estate, she paid to two of the sons — Wilber C. and Gilbert L. Curtiss — fifty thousand dollars each. This sum, it seems, was estimated to be one fourth of the estate of the deceased remaining after the payment of his debts and his special bequests, and was accepted by Wilber C. and Gilbert L. Curtiss as their full share of the

estate. Subsequently, and on the 7th day of January, 1880, the widow resigned her trust as executrix, and on the 29th of January, 1881, died, without having filed any account, report, or exhibit of the estate of her husband, or of its management by her. After the resignation of the executrix, and on the 5th of April, 1880, Gilbert L. and Wilber C. Curtiss were appointed administrators of the estate of L. M. Curtiss, deceased, and qualified as such. An administrator of the estate of the deceased Esther Cordelia Curtiss was also duly appointed and entered upon the discharge of the duties of his trust. The administrators of the estate of L. M. Curtiss, deceased, presented to the Probate Court a final account of their administration of the said estate, together with a petition for a decree of distribution of the estate, and it is from the decree of distribution that this appeal is taken by the successors in interest of Esther Cordelia Curtiss, who, prior to the death of the latter, succeeded to whatever interest she had in the estate of L. M. Curtiss, deceased. The decree, from which the appeal is taken, distributed all of the estate of L. M. Curtiss, deceased, remaining in the hands of the administrators to Harvey T. Curtiss, to the exclusion of the successors in interest of Esther Cordelia Curtiss. This action of the court below was based on a finding made on the hearing of the petition for distribution to the effect that, excepting the property remaining in the hands of the administrators, and the money paid for expenses of administration, and as legacies and shares under the will of the decedent, Esther Cordelia Curtiss "converted all of the residue of the estate of L. M. Curtiss, deceased, to her own use, and by reason of her unprofitable investments, speculations, extravagance, and gifts, she, the said Esther Cordelia Curtiss, did, prior to October 21, 1879, lose and give away all the residue of said estate prior to her decease and the 4th day of November, 1879, and she afterwards, in 1881, died insolvent. That her estate is now insolvent, and that the amount of the said estate which she has thus converted to her own use is at least equal to and also exceeds the amount and share of the estate to which she is or ever was entitled."

Appellants contend that the matters stated in the finding just quoted could not be legally determined by the Probate Court; that the conduct of Esther Cordelia Curtiss with respect to

the estate of which she was executrix could only be inquired into in a proceeding where the court would have jurisdiction of her, or her legal representative, and that she having been permitted to resign her trust as executrix, and to die without ever having rendered to the Probate Court any account, report, or exhibit of the estate of L. M. Curtiss, deceased, or of its management by her, a court of equity alone has the power to adjust her accounts with the estate of which she was executrix. It has been so held here in a number of cases, the last reported one being *Chaquette* v. *Ortet*, 60 Cal. 594. It is obvious that an adjustment of the accounts of Esther Cordelia Curtiss with the estate of which she was executrix is prerequisite to a distribution of the estate to which she was one of the heirs. For this reason the judgment and order must be reversed and the cause remanded for further proceedings. So ordered.

McKINSTRY, J., and McKEE, J., concurred.