[No. 8256.   Department One.—May 28, 1885.]
PAULINA WEIHE ET AL., APPELLANTS, v. A. H. STAT-
HAM ET AL., RESPONDENTS.

ESTATE OF DECEDENT—PAYMENT OF UNLAWFUL CLAIM—ACTION ON BOND—
ACCOUNTING.—The heirs of an intestate cannot maintain an action on the bond
of an administrator to recover for a misappropriation of the funds of the estate
until after an accounting has been had in the Probate Court, and the adminis-
trator has refused to pay the amount adjudged against him.

APPEAL from a judgment of the Superior Court of Fresno
County.

The facts are stated in the opinion of the court.

*H. S. Dixon*, for Appellants.

*Sayle & Harris*, and *Bennett & Wigginton*, for Respondents.

Ross, J.—This is an action by the heirs of William W. Hill,
deceased, against the administrator of the estate and his bondsmen
to recover upon the bond, because of the allowance by the adminis-
trator and the probate judge of a claim against the estate alleged
to have been barred by the Statute of Limitations and otherwise
invalid, and its subsequent payment in part by the administrator,
but without an order of the Probate Court.   It affirmatively
appears from the complaint that the administration of the estate
of the deceased Hill is still pending in the Probate Court, and
that no account of his administration has been presented by the
administrator.   It has several times been decided by this court
that the allowance of a claim by the administrator and probate
judge is not conclusive upon the heirs, but that they may contest
such allowance in subsequent proceedings of the Probate Court.
(Code Civ. Proc. § 1636; *Estate of Loshe*, 62 Cal. 413; *Estate
of Hill*, 62 Cal. 186.)   If the allowance of the claim sought to
be contested by the present suit was improperly had, and objec-
tion is made at the proper time in the Probate Court having
control of the administration, that court will doubtless vacate the
allowance and compel the administrator to account for the money
paid thereon out of the funds of the estate.   It is for the Pro-
bate Court to settle the accounts of the administrator, and we
have frequently so held.   (*In re Curtiss*, 65 Cal. 572; *Chaquette*

v. *Ortet*, 60 Cal. 594; and the authorities there cited.) After the *status* of the accounts has been fixed, if the administrator shall fail to pay what, if anything, may be adjudged against him, the plaintiffs will have their action upon the bond.

Judgment affirmed.

McKinstry, J., and McKee, J., concurred.