[S. F. No. 2076. Department Two.—July 10, 1900.]

HUGO HUGER TOLAND et al., Respondents, v. MARY J. EARL et al., Appellants.

ESTATES OF DECEASED PERSONS—SETTLEMENT AND DISTRIBUTION—EXCLUSIVE PROBATE JURISDICTION OF SUPERIOR COURT.—The superior court which has charge of the administration of the estate of a deceased person has exclusive jurisdiction as a court of probate over all questions relating to the settlement and distribution of the estate.

ID.—DERAIGNMENT OF TITLE TO ESTATE—DECREE OF DISTRIBUTION.—Under our probate system all deraignment of title to the property of deceased persons, whether dying testate or intestate, is through the decree of distribution entered as the final act in the administration of the estate.

ID.—CONCLUSIVENESS OF DECREE.—The law of an estate distributed under a will is the decree of distribution and not the will, and the decree of distribution is conclusive upon the whole world.

ID.—INSTRUCTION BY COURT OF EQUITY.—The superior court, sitting as a court of equity, has no jurisdiction of an action brought pending the administration of an estate to instruct the court having probate jurisdiction thereof, as to what distribution of the estate should be made under the will, after the administration has been completed.

ID.—ACTION IN EQUITY TO CONSTRUE WILL—LEGAL QUESTIONS—TRUSTS—
PROVINCE OF SUPERIOR COURT SETTLING ESTATE.—An independent
action in equity does not lie in this state to construe a will,
whether it involves merely legal questions, or questions relat-
ing to the execution of trusts created by the will.  It is the prov-
ince of the superior court which settles the estate of a de-
ceased person to construe the will and the trusts created there-
by; and it may exercise all equity powers necessary for a com-
plete administration of the estate, though not authorized in the
limited exercise of its probate jurisdiction to determine contro-
versies not within the scope of such administration.

ID.—EQUITABLE ACTION IN SAME COURT HAVING PROBATE JURISDICTION—
DISMISSAL—VOID JUDGMENT.—An action in equity brought in the
same court which has probate jurisdiction over the estate, to
obtain from that court sitting in equity a construction of the
will for the same court sitting in probate, cannot be entertained,
and must be dismissed.  Any judgment rendered therein would
be void.

ID.—CASES DISTINGUISHED—CHANGE OF CONSTITUTION.—Cases for the
construction of wills and of trusts thereunder arising under the
former constitution, which vested all equity jurisdiction in the
district courts, and established separate probate courts, are in-
applicable to the present judicial system established under the
new constitution, which vests both equity and probate juris-
diction in the superior court.  One judge of the superior court
sitting in equity cannot control another sitting in probate.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.  William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

John B. Mhoon, and Edward C. Harrison, for Appellants.

W. B. Treadwell, for Plaintiff, Respondent.

Edward F. Treadwell, for E. B. Mastick et al., Respondents.

William A. Beatty, and Shortridge, Beatty & Brittain, for
William G. Toland, Respondent.

Wilson & Wilson, for Grace Church, Respondent.

TEMPLE, J.—This action was brought by the administrator
with the will annexed of the estate of Mary B. Toland, deceased,
for the purpose of having the probate court instructed as to
what distribution shall be made of the estate under the will.

There is a general averment in the complaint that differences exist between plaintiff and the defendants and among the defendants themselves, by reason of which plaintiff is unable to properly administer said estate, and some of the doubts relate to controversies not within the jurisdiction of the court sitting as a court of probate. But nowhere in the complaint is it shown that the administrator has any doubt as to anything he is required to do, and when the doubts stated are fully considered it is manifest that there is no embarrassment whatever as to the proper mode of performing his trust in the administration of the estate. The parties simply differ as to what distribution shall be made of the residue of the estate after the administration has been completed. Plaintiff sues in his representative and also in his individual capacity. In his representative capacity he has no interest in the questions he seeks to raise. It is alleged that E. B. Mastick and George H. Mastick contend that certain rents are by the terms of the will given to them. This certain other defendants deny, and claim that such rents under the will belong to a fund for the payment of legacies. These are matters to be determined in the decree of distribution, and the doubts do not embarrass to any extent the administration. Ample funds are provided for the payment of the legacies, whatever conclusion may be reached upon that subject. There are no doubts as to whether it is necessary to provide, by sale or otherwise, a larger fund to pay legacies if these rents are given to E. B. and George H. Mastick.

Plaintiff contends as an individual that he is entitled under the will to an undivided one-half of the proceeds of a sale ordered in the will, while certain defendants contend that plaintiff is entitled only to one-half of what will remain in such fund after the debts, the expenses of administration, and legacies have been paid out of it. To determine these questions is a function of the decree of distribution, and it is not at all important that they should be sooner determined.

The jurisdiction of a court of equity cannot be brought into action on the ground that a trustee is seeking instruction as to the proper mode of executing his trust (conceding that under our system such could ever be a ground of jurisdiction, which I do not), for the will creates no trust estate and the questions

are purely legal. Pomeroy says that the present doctrine, where courts entertain suits to construe wills, is that the jurisdiction is simply an incident of the general jurisdiction of courts of equity over trusts; and "that a court of equity will never entertain a suit brought solely for the purpose of interpreting the provisions of a will without any further relief, and will never exercise a power to interpret a will which only deals with and disposes of purely legal estates and interests, and which makes no attempt to create any trust relations with respect to the property donated." (3 Pomeroy's Equity Jurisprudence, sec. 1156.)

This proceeding would not be tolerated even in those jurisdictions where it is still held that courts of equity may, under some circumstances, interfere to interpret trusts created by wills during administration.

But I think such a suit cannot be maintained under our system in any case. Nor do I think the question is as to whether the jurisdiction of courts of equity in this state is as extensive as was formerly the jurisdiction of the courts of equity in England. There is no controversy here as to jurisdiction between courts of law and courts of equity. Both jurisdictions are vested in the same courts, and such matters are only material in determining the character of the remedy to which the party may be entitled in a particular case.

The legislature has provided a special proceeding for the administration of the estates of deceased persons, whether testate or intestate. For the conduct of this special proceeding a minute code has been provided, through which every purpose for which resort was formerly had to courts of equity is attained. In England, only personalty was involved in the administration, but the relation of the personal representative to the creditors, legatees and distributees was such, and the relief afforded in ecclesiastical courts so inadequate, that this was the most important branch of chancery jurisdiction. (1 Pomeroy's Equity Jurisprudence, sec. 77.)

In the probate proceeding provision is made for the presentation and allowance of the claims of creditors, and, when the assets of the estate have been fully ascertained, upon notice the claims of creditors are ordered paid, if the assets are insufficient

to pay all, in a certain order. Certainly, this provision must be exclusive of the jurisdiction of a court of equity to marshal the assets and to direct the payment of claims.

If a legacy falls due, or a partial distribution of an intestate estate should be made, the probate court can order the personal representative to make the payment or distribution. This will also be done upon notice, and, the proceeding being *in rem*, when such notice is given the whole world is brought in. Surely, this must be exclusive of a suit in equity in which the parties are necessarily limited.

The same is true as to the settlement of the accounts of the administrator or executor. Elaborate provision is made to force the executor or administrator to account, and in this accounting the creditors and distributees are interested. In an insolvent estate it is a necessary preliminary to the marshaling of the assets for payment of creditors, and it is always a necessary preliminary to a final distribution. This settlement made after the prescribed notice is conclusive upon all interested parties.

But the most conclusive reason, to my mind, why this jurisdiction must be held to be exclusive is that, under our probate system, all deraignment of title to the property of deceased persons is through the decree of distribution entered as the final act in the administration of an estate, whether testate or intestate. No one will contend that this decree can be made by any other court or in any other proceeding. It constitutes not only the law of the personalty, but also of the real estate. In other jurisdictions this decree is also held to be conclusive. But generally it concerns only personal property, and the power to make it does not involve the power to construe trusts in land created by the will. Here the probate court not only may, but should, and often must, construe the trusts created by the will. After the decree is made the will practically drops out of existence. The law of the estate is the decree and not the will, and, as I have said, all deraignments of title are through it. (*Goad v. Montgomery*, 119 Cal. 552.[1])

The proceeding differs much from the systems of administration where the personal property goes to the personal represent-

---

[1] 63 Am. St. Rep. 145.

ative and the land to the heir. Here the relation of the pro-
bate court to the executor or administrator is much more analo-
gous to the relation of a court to its receiver. And here, too,
the entire probate proceeding from the grant of administra-
tion, or the probate of a will, is calculated to give notice to the
heirs of a decedent, and special notice is required to be given
of the time when distribution will be made, where all interested
parties can be heard. The distribution is declared to be con-
clusive upon the whole world.

It is no small consideration, in my opinion, that this probate
proceeding is in the same court in which a suit would be
brought to construe the will. The special proceeding may as
well be in the nature of a proceeding in equity as at law, and it
is before the same chancellor to whom it would be necessary
to appeal in a personal action to instruct the administrator or
executor and the court as to the proper construction of the will.
If it were found necessary or convenient to embody such con-
struction in an order so that appeal could be taken to the su-
preme court, this could easily be provided for in the proceeding.
Why should Judge Coffey, sitting in probate, be instructed by
Judge Coffey, sitting in a case in equity brought for that pur-
pose?

If it is necessary or proper to appeal to a court of chancery,
the probate court is such a court, and the proceeding is in fact
for that purpose. It is the same court when sitting in matters
of probate, and may exercise all equity powers necessary for a
complete administration. (*Estate of Burton,* 93 Cal. 459.)

The cases relied upon to sustain this action, with the excep-
tion of *Williams v. Williams,* 73 Cal. 99, all arose under the
former constitution. In the mentioned case *Rosenberg v. Frank,*
58 Cal. 387, was followed without noticing that it arose under
a different judicial system.

The probate proceeding then was not in the court presided
over by the same chancellor before whom the action to obtain
a construction of the trusts would be brought. The supreme
court had held that the probate court was an inferior court.
While I do not wish to conceal my opinion that a wrong view
was taken in those cases, the intention that the jurisdiction of
the court sitting in probate should be exclusive was not so ob-

vious under that judicial system, and it was quite natural that lawyers trained under a different procedure should for a time fail to appreciate the change, and the early cases show this.

*Wilson v. Roach,* 4 Cal. 362, was an action against a guardian to compel him to account. The court said that district courts were vested with the jurisdiction by the constitution, and the legislature could not deprive them of the jurisdiction. The reasoning has no application now. The legislature has not attempted to deprive any court of its jurisdiction. It has only provided a mode in which that jurisdiction shall be exercised.

*Clarke v. Perry,* 5 Cal. 59,[2] was an action against an administrator to compel an accounting. He had accounted to the probate court, but it was contended that he had not fully accounted. The court held that one who was not an actual party to the accounting had in the probate court was not bound by it, and could proceed to enforce a full accounting in the district court. This was upon the ground that the probate court was of inferior and limited jurisdiction.

*Deck v. Gerke,* 12 Cal. 433,[3] was a case to compel an accounting and a distribution. Judge Baldwin commenced his opinion with the statement that, apart from previous decisions, it would be doubtful if the probate court had not exclusive jurisdiction, but he says the probate courts are courts of special and limited jurisdiction, and under the decisions courts of chancery have assumed jurisdiction; the principle asserted is more convenient in practice, and it is too late to question the jurisdiction.

*Payne v. Payne,* 18 Cal. 292, was a controversy submitted without action as the statutes permitted, and no question of the right in that mode to interfere with probate proceedings was raised or discussed.

In *Rosenberg v. Frank, supra,* the point was the first time fully considered. That was also a consent case, and the remarks made upon the subject were evidently in reply to objections raised by a member of the court and set forth in a dissenting opinion. One argument urged in the dissenting opinion was that courts of chancery formerly took jurisdiction of cases of administration because the probate jurisdiction then existing

---

[2] 63 Am. Dec. 82.

[3] 73 Am. Dec. 555.

was a "lame jurisdiction," and that under our system it was not
so.  The reply is, in effect, that all existing equity jurisdiction
was by the constitution vested in the district courts, and the fact
that other courts were vested with some equity jurisdiction did
not limit the jurisdiction of the district court in the absence of
prohibitory language in the constitution, or unless it appeared
affirmatively that  the  jurisdiction conferred upon  the  other
court was intended to be exclusive.  It was also held that while
the legislature could  give to the probate court  such  probate
jurisdiction as it saw fit, it could not take away from the dis-
trict courts "any of the equity jurisdiction conferred on them
by the constitution"; and  it was also  said that "the probate
court held its jurisdiction subject to the exercise of this jurisdic-
tion by the district court."

*Rosenberg v. Frank, supra,* arose under the former constitu-
tion, and much of this reasoning has no force whatever as ap-
plied to our present judicial system.  There is no possible ques-
tion now as to what courts have probate jurisdiction, nor
whether courts of equity do or do not have jurisdiction over
matters of administration.  The superior court has full chan-
cery jurisdiction, and also probate jurisdiction, and a special
proceeding *in rem* has been prescribed to it in which it is re-
quired to administer estates, whether testate or intestate.  And,
I repeat, there is no occasion in this case to determine whether
while sitting in probate it is acting as a court of equity or not.
It is clearly within its admitted jurisdiction, and further we
need not go.  We need not inquire under what branch of juris-
diction the particular proceeding comes, much less reasonable
would it be to say that because formerly courts of chancery took
cognizance of matters of administration on the ground that the
jurisdiction of the ecclesiastical courts was a "lame jurisdic-
tion," one judge of this court, calling himself a chancellor sit-
ting in a case in equity, can interfere to control another judge
in the same court sitting in probate.

The proceeding is entirely statutory, and it is true that in
some sense the court in this special proceeding is exercising a
special and limited jurisdiction.  The mode and procedure limit
its jurisdiction.  It is not there authorized to decide contro-
versies not strictly within the probate proceedings.  Except in

the case of creditors it has no jurisdiction to determine claims adverse to the estate itself. Such was *Griggs v. Clark*, 23 Cal. 437. The remark made by Judge Crocker, and quoted as authority here, might as well have been made in an action of ejectment. It was not denied that such an action could be brought in a court of equity, nor was it claimed that the probate court had any jurisdiction over the matter. Executors and administrators have frequent occasion to sue and are often sued in other courts. But I do not see what that has to do with the matter under discussion here. To determine such controversies is not within the scope of the proceeding in probate; nor, except as to creditors, does the court in that proceeding acquire jurisdiction over controversies or persons not claiming under the decedent. And it may be said that creditors do so. They are given by statute a right as to the estate and to share in some sense in its distribution.

This matter was really determined in *Goad v. Montgomery, supra*. It was there said: "It would be an anomaly in jurisprudence that a court which is vested with full jurisdiction in matters of probate should be controlled in the exercise of that jurisdiction by the action of a co-ordinate court which has neither controlling nor revisory jurisdiction in such matters. The court was not required to follow that judgment, but could distribute the estate in accordance with its own views." That being so, a judgment in this case one way or the other could not affect the proceeding in the probate court, and would afford no protection to the administrator, if he were required to base any action upon it. It would, in fact, be a void judgment.

The judgment is reversed and the cause remanded, and the superior court is directed to dismiss the action.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.