[S. F. No. 3244.  Department Two.—September 17, 1903.]

In the Matter of the Estate of AMASA P. WILLEY, Deceased.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF EXECUTOR—ADVANCES TO BENEFICIARIES UNDER WILL—DISTRIBUTION.—In the settlement of the accounts of an executor, whether the account be intermediate or final, when not accompanied by a petition for distribution, advance payments made by the executors under their own construction of the terms of the will, to the beneficiaries named therein, upon their own judgment, without an order of the court, cannot be considered. Credits for such payments can only be determined upon distribution of the estate, and the court properly retired such items from the accounts, to be considered only when the petition for distribution is heard.

ID.—ACTION AT PERIL OF EXECUTOR.—When an executor undertakes to construe the provisions of a will or to make payments thereunder in anticipation of the decree of distribution, he does so at his peril.

ID.—DUTY OF COURT IN SETTLING ACCOUNT.—Independent of objections
urged by any person to items in the account of an executor, it is the
duty of the court in settling the account carefully to scrutinize the
same, and to reject any improper items therefrom, whether ob-
jections are interposed or not.

ID.—QUESTION OF INTEREST IN ESTATE—HOW DETERMINED.—The ques-
tion whether a person claiming an interest in an estate is entitled to
any standing in contesting items of the executor's account for ad-
vances made to beneficiaries is a matter which should be determined
on the hearing for distribution.

APPEAL from an order of the Superior Court of the City
and County of San Francisco settling an account of execu-
tors.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Mastick, Van Fleet & Mastick, and W. B. Treadwell, for
Appellants.

John H. Durst, for T. J. Lyons, Respondent.

Charles W. Slack, for Louisa M. Muirhead, Respondent.

LORIGAN, J.—This is an appeal by the executors of the
last will and testament of Amasa P. Willey, deceased, from
an order of the superior court settling their account.  The
testator devised his property in trust, and selected as trustees
the same persons who were appointed as executors of his will
(appellants here), and the terms of his will provided that
the trustees should make annual payments to certain bene-
ficiaries designated therein, in specific amounts, from the net
income of the devised trust estate.

The appellants, as executors, during the course of the ad-
ministration, but without any order of court, made such pay-
ments, aggregating $1,675, incorporated them with other but
uncontested items in the account in question, asked to be
credited therefor, and that the court settle, allow, and approve
the account as presented.

Objections to the allowance of these particular payments
were interposed by T. J. Lyons, individually, as grantee and
assignee of any interest of C. W. Willey, a deceased son of
the testator, in his father's estate, and also by said Lyons and

Louisa M. Muirhead, as executor and executrix, respectively, of the last will and testament of said C. W. Willey, deceased.

The grounds of objection were, that these payments were not disbursements made, as charges or expenses of administration, or as payment of debts, or claims against the estate, or made by order of court, which alone, it is contended, were proper items to be embraced in, and settled and allowed in said account. At the hearing on the settlement of this account the executors offered in evidence a document, executed by said C. W. Willey prior to his father's death, agreeing, among other things, not to contest any disposition, testamentary or otherwise, which the latter might make of his property, for the purpose of showing that the contestants had no interest in the estate of Amasa P. Willey, deceased, and no right to question the account or its items. The court refused to allow it in evidence, and, after further proceedings, settled the account as to all other matters embraced in it, but disallowed and struck out all of said payments to the beneficiaries under the will, except one of five hundred dollars, made to said C. W. Willey, on the grounds, urged by contestants, that they were not proper items for settlement or approval in an executor's account, being neither disbursements nor charges or expenses of administration or the payments of debts against the estate.

It is urged on this appeal as grounds for reversal,—1. That said contested payments were properly made, should have been allowed, and the refusal of the court to allow credit therefor was error; 2. That the court should have admitted in evidence the agreement made by C. W. Willey; 3. That contestants have no interest in the estate which entitled them to be heard in opposition to the settlement of the account; and 4. That contestants are estopped by the act of C. W. Willey in receiving payment of the annual income as beneficiary from questioning these similar payments to other beneficiaries.

Some contention is made on this appeal, whether the account so filed by the executors was a final account. The view we take of this matter makes it unnecessary to give any attention to that dispute, because, whether the account is an intermediate or final one, the same rule must be applied in considering whether disbursements, such as are contested here, can be settled or allowed in either. If the account in question was

presented as a final account, it was not accompanied by any
petition for a distribution, and we are satisfied that it is only
upon a hearing for distribution—a final settlement of the
estate under petition for distribution thereof, as distinguished
from a hearing on a final account unaccompanied by such peti-
tion—that payments of the character in question can be con-
sidered.

If we reflect for a moment on the simple duties devolving on
executors, up to the point when the estate is ready for distri-
bution, and the jurisdiction of the court upon such hearing
to construe the provisions of the will, and determine the
rights of all parties thereunder, it is obvious that this must
be true.

The duties of the executors are to preserve the estate, pay
the indebtedness of the deceased, the charges of administra-
tion, and put the estate in such condition that distribution
may be had to those entitled to it under the will. In the mat-
ter at bar, however, the executors did something more. They
assumed, in advance of the decree of distribution, to construe
the terms of the will, the validity of particular bequests, who
were the beneficiaries thereunder, and to make payments of
the funds of the estate upon their own judgment as to these
matters. This was clearly outside of their duties, was an
attempt to intrench on the exclusive jurisdiction of the court
to determine these matters on distribution, and an infringe-
ment upon the rights of all persons interested in the estate to
have these matters disposed of solely on distribution—partial
or final.

The rights of devisees and legatees are fixed, not by the
provisions of the will, but by the decree of distribution (*To-
land* v. *Earl,* 129 Cal. 153[1]), and can only be determined on
distribution.

Appellants, in effect, asked the lower court to determine
these rights in the settlement of the account, and in advance
of distribution, because in order to approve the payment to
the beneficiaries named therein, the lower court would neces-
sarily have had to determine the validity of the general trust
provisions in the will, the validity of the particular trusts in
favor of the various beneficiaries, the net annual income of

[1] 79 Am. St. Rep. 100.

the trust estate, and the identity of the beneficiaries themselves. Unless it did so it could not determine whether these payments were proper, as they could only be proper provided the trusts were valid. These questions, however, from their very nature are to be determined exclusively upon distribution, and hence matters in an account which require them to be considered in advance of distribution must necessarily be improper. Upon distribution questions may arise affecting the rights of the beneficiaries, to whom payment has previously been made by the executors, to take at all under the will,—questions of the invalidity of general or partial trust provisions, lapsed legacies, excessive charitable bequests, omitted heirs, etc.,—questions which may affect the entire, or partial testamentary disposition under the will.

It must be apparent that, as these matters, which may so radically affect the right of the beneficiaries under any will, can only be legally and effectively determined upon distribution, any effort to have them determined in settling an account must in the nature of things be out of place. We are satisfied that the only items which are properly to be settled in an executor's account are items relating purely to his administration of the estate—charges of administration and payments of debts of the decedent. We do not mean to hold that the executor is not entitled to be reimbursed for payments which he may make under the terms of the will, nor to be credited with distributive shares which he may have turned over. We simply hold that credits therefor are not to be given upon the settlement of accounts, but are to be retired therefrom and considered upon the distribution of the estate. And we understand this to be the law as laid down by this court. (*Estate of Rose,* 80 Cal. 179.) Upon the hearing for distribution the court, in harmony with its general equitable powers, can adjust all matters between the legatees or distributees and the executors, and credit the latter against the estate distributed to the former for all advances which may have been made to either of them under the terms of the will. This is the most the executor has a right to expect. When he undertakes to construe the provisions of a will, or to make payment thereunder in anticipation of the decree of distribution, he does so at his peril, and cannot, in an account, call upon the

court, in advance of a distribution, to construe the provisions of the will, or determine the rights of the legatees, for the purpose of ascertaining whether the opinion of the court conforms to the judgment of the executor.

We are satisfied that the court properly retired these items from the account, and that they will be given proper consideration when the petition for distribution of the estate is heard.

Whether the contestants were entitled to appear and object to the account, or whether the court erred in refusing to admit in evidence the alleged agreement of C. W. Willey, or whether contestants are estopped by the act of C. W. Willey in receiving a similar payment from the executors, are, in our judgment, questions of no moment, because independent of objections urged by any person to items in an account, it is the duty of the court in settling such account to carefully scrutinize the same and to reject any improper items therefrom; and it is the duty of the court to do this whether objections are interposed or not. (*Estate of Sanderson,* 74 Cal. 202; *Estate of Spanier,* 120 Cal. 701; *Estate of More,* 121 Cal. 639; *Estate of Franklin,* 133 Cal. 587.) Besides, whether a person claiming to have an interest in an estate is entitled to any standing, is a matter which should be determined on the hearing for distribution, rather than upon the settlement of an account, and particularly is this true where the items contained in the account are obviously improper, and it is the duty of the court for that reason of its own motion to reject them.

The order appealed from is affirmed.

McFarland, J., concurred.

BEATTY, C. J., concurring.—I concur. The appellants, in anticipation of distribution to them as devisees in trust, have made certain payments to those claiming as beneficiaries of the trust. The propriety of these payments ought not to be determined on the settlement of their account as executors; for it may happen that the estate will never be distributed to them, and in that case the allowance to them of such payments in settlement of their account as executors would be a wrong to the rightful distributees. If, on the other hand, the estate

is distributed to them they can protect themselves by simply charging the beneficiaries with the sums paid to them respectively. If their charges are disputed the determination of their correctness will devolve upon the court having jurisdiction of the trust. In case the estate is not ultimately distributed to the appellants, but is distributed to some or all of those to whom these payments have been made, such payments can be deducted from their distributive shares by the decree of distribution.