[Civ. No. 214.   Second Appellate District.—July 18, 1906.]

## ELISA P. ELIZALDE, Administratrix, etc., Appellant, v. P. W. MURPHY et al., Respondents.

ESTATES OF DECEASED PERSONS—RIGHTS OF ADMINISTRATOR—PAYMENTS TO HEIRS BEFORE DISTRIBUTION.—Where an administrator in anticipation of distribution, makes payments to the widow or other heirs on account of their distributive shares, such payments are not a proper subject of final account, and his only rights are, when distribution is ordered, to have the payments retired therefrom, and to receive a credit on account thereof from the distributive share to be charged.

ID.—RIGHTS OF SUBROGATION OF SURETIES ON BOND.—Whatever rights of subrogation the sureties on the bond of a deceased administrator may have to his rights against distributees, the same can only be worked out upon the final decree of distribution.

ID.—MATTERS OF ACCOUNT.—The allowance of attorney's fees, expenses, and for extraordinary services of the administrator can only be adjudicated in the probate court in the settlement of the accounts of the administrator, and if the sureties on his bond may be subrogated to the rights of a deceased principal in respect to such matters, they must be restricted in their enforcement to the mode prescribed for their enforcement by the principal in the probate court, which has exclusive jurisdiction of all matters of account.

ID.—ACTION ON BOND OF DECEASED ADMINISTRATOR—CHARGES—CREDITS. In an action on the bond of a deceased administrator he can only be charged with money in his hands belonging to the estate, or

money which he has negligently failed to collect, and he is not entitled to be credited with payments to the widow as part of her distributive share, or for any matters of account.

ID.—NOTE NOT COLLECTIBLE—INSOLVENCY OF MAKER—FAILURE TO SUE NOT NEGLIGENCE.—An administrator is not chargeable with negligence in failing to sue upon a promissory note, the maker of which was at all times insolvent, and which had been placed in the hands of a collector, and upon which nothing has been or can be realized. It is only the failure to proceed when a reasonable prospect of collection is apparent, which should be said to be negligence.

ID.—MEASURE OF DUTY OF ADMINISTRATOR.—The measure of the duty of an administrator is to act with fidelity and with the degree of prudence and diligence which a man of ordinary judgment would be expected to bestow on his own affairs of like nature.

APPEAL from an order of the Superior Court of Santa Barbara County, denying a new trial. B. T. Williams, Judge *pro tem.*

The facts are stated in the opinion of the court.

McD. R. Venable, and B. F. Thomas, for Appellant.

W. A. Richardson, W. H. Spenser, and William Shipsey, for Respondents.

ALLEN, J.—Action upon an administrator's bond. Judgment for plaintiff for a lesser amount than claimed in the complaint. Plaintiff appeals from the order denying a new trial.

It is made to appear in the record that one Graves was appointed administrator of the estate of Elizalde on the twentieth day of January, 1894, and executed a bond at the date of such appointment, and certain subsequent bonds, as required by the order of the court; that on May 28, 1898, said administrator filed his second annual account, which was duly allowed, from which it appears that on said date he held in his possession $5,133.50 belonging to said estate; that the administrator died July 15, 1900, without rendering any further account; that after the filing of his said account the administrator received $562 in addition. Upon a trial of this action, the court below found the administrator had received, and was chargeable with $5,696, and credited him

with certain payments not disputed, together with other payments the subject of controversy upon this appeal—one of $940 advanced to the widow as part of her distributive share, and $550 for expenses and attorney's fees to one Leme, and for expenses and extraordinary services of the administrator.

Appellant's contention is that these credits last mentioned were not proper matters to be credited by the court in this action, and no credit therefor should be allowed at the instance of the sureties. With this we agree. In so far as the advance to the widow is concerned, it was not even proper subject of the final account. (*Estate of Willey,* 140 Cal. 240, [73 Pac. 998]; *Estate of Rose,* 80 Cal. 179, [22 Pac. 86].) The only right of an administrator who anticipates the distribution to the widow or heirs and pays in advance of such disttribution, is, when distribution is ordered, to have such payments retired therefrom and receive a credit on account thereof from the distributive share so to be charged. (*Estate of Willey,* 140 Cal. 240, [73 Pac. 998].) It does not even appear that any sum will be due the widow upon final distribution; and it is not material what property may have heretofore been distributed to her, against which the administrator in making the advancements made no claim. Whatever may be the rights of subrogation to which defendants are entitled, the same can only be worked out upon the final decree of distribution. We are of opinion, also, that the allowance of attorney's fees, expenses, and for extraordinary services are matters which can only be adjudicated in the probate court in the final or some subsequent account. The mere fact that the administrator made no such claim when filing his previous accounts should not be taken as an absolute waiver. But the reimbursement to which an administrator is entitled on account of such payments or such services is a right personal to himself, and one which he may waive; and until it is asserted, either by the administrator or by his personal representatives, in an account and upon a petition presented to the probate court, they are not proper subjects of adjudication, and were we to say that this right of the principal on the bond to assert the claim is one to which sureties might be subrogated, yet it must follow that such sureties would be restricted in the enforcement of such subrogated rights to the mode prescribed for their enforce-

ment by the principal. (*In re Moore*, 96 Cal. 526, [31 Pac. 584]; *In re Levinson*, 108 Cal. 456, [41 Pac. 483, 42 Pac. 479].) And matters which are the subject of account are exclusively within the jurisdiction of the probate court. (*Toland* v. *Earl*, 129 Cal. 152, [79 Am. St. Rep. 100, 61 Pac. 914]; *Estate of Freud*, 134 Cal. 336, [66 Pac. 476].)

Further objection is made by appellant to the refusal of the court to charge the administrator with the inventoried amount of a note of one Dargie. The court found that there was no negligence upon the part of the administrator in his failure to realize upon this asset. ''It is true that when an administrator receives a note, and the maker thereof is solvent, but afterward becomes insolvent, the burden of proof is on him to show that with due diligence he could not have collected it.'' (*In re Moore*, 96 Cal. 526, [31 Pac. 584].) The measure of an administrator's duty is to act with fidelity and with that degree of prudence and diligence which a man of ordinary judgment would be expected to bestow upon his own affairs of a like nature. (*In re Moore*, 96 Cal. 526, [31 Pac. 584].) There is evidence in the record tending to show that, notwithstanding the return in the inventory, Dargie was at all times insolvent. There is evidence tending to show that the note was placed in the hands of a collector and that nothing could be realized thereon. This being true, were it even to be assumed that the taking of a new note with the insolvent wife as surety was not warranted, yet no loss upon the estate would be entailed. The mere failure to sue does not establish negligence. It is only the failure to proceed when a reasonable prospect of collection is apparent which should be said to be negligence. There being evidence tending to support the trial court that there was no negligence upon the part of the administrator, we are not inclined to disturb the same.

We find no other errors in the record.

The order is reversed and cause remanded for further proceedings.

Gray, P. J., concurred.

SMITH, J., Concurring.—I concur in the order of reversal, and also in much of the reasoning of the opinion of Mr. Justice Allen. But the reversal should, I think, be placed on

the broader principle, established by the decisions of the supreme court, that a suit cannot be maintained against the sureties on an administrator's bond until there has been a settlement of his account, either in the probate proceedings under section 1629 of the Code of Civil Procedure, or by a bill in equity brought for that purpose. (*Graff* v. *Mesmer,* 52 Cal. 636; *Chaquette* v. *Ortet,* 60 Cal. 594; *Weihe* v. *Statham,* 67 Cal. 84, [7 Pac. 143]; *Reither* v. *Murdock,* 135 Cal. 197, [67 Pac. 784]; *Cook* v. *Ceas,* 143 Cal. 225, [77 Pac. 65].)

In such a bill brought against the administrator the sureties may, perhaps, be joined (*Chaquette* v. *Ortet, supra*); and I can see no objection to this course. But in the present case the administratrix of the deceased Graves was not made a party; and, indeed, the demand of the defendants by proper supplemental pleadings to bring her in as a defendant was denied by the court.

This error may be cured by a proper order requiring her to be brought in as a defendant (Code Civ. Proc., sec. 389); but the question will still remain whether the court will then have jurisdiction of the case. This question, under the existing constitution and some of the older authorities, is not altogether clear. Generally speaking, the matter of accounts of administrators, like other matters of probate jurisdiction, belongs exclusively to the probate court. (*Hope* v. *Jones,* 24 Cal. 93; *Gurnee* v. *Maloney,* 38 Cal. 87, 88, [99 Am. Dec. 352]; *Weihe* v. *Statham,* 67 Cal. 84, [7 Pac. 143]; *Burris* v. *Kennedy,* 108 Cal. 331, [41 Pac. 458].) This is admittedly the case with regard to administrators generally; and by the express provision of the law an administrator whose authority has ceased, if he is still alive, may be cited to account (Code Civ. Proc., sec. 1629), and I can see no reason to suppose that it was intended to exclude the administrator of a deceased administrator from the provision of this section. The language of the section, in describing the case provided for, applies equally to a deceased administrator as to any other; and there is nothing in its provisions to indicate an intention not to include his administrator, except in the use of the word "*he,*" in the expression "he may be cited," etc. His case, I think, comes within the reason, and, therefore, presumably, within the intention of the law.

I would have no difficulty, therefore, were the question a new one, in thus construing the provisions of the section. But under the old law there was a similar provision with reference to the probate court (Probate Act, sec. 229); and it was held, in effect, that the probate court did not have such authority, and that the account of a deceased administrator could be settled only by a suit in the district court sitting as a court of equity (*Bush* v. *Lindsey,* 44 Cal. 121; *Wetzler* v. *Fitch,* 52 Cal. 638; *Chaquette* v. *Ortet,* 60 Cal. 594; *In re Allgier,* 65 Cal. 228, [3 Pac. 848]); and the rule has since been applied, in at least one case, to the superior court in the exercise of its probate jurisdiction. (*Estate of Curtiss,* 65 Cal. 572, [4 Pac. 578].) But with regard to the question of jurisdiction, there is a manifest difference between the old probate court and the superior court sitting in probate. The former had such jurisdiction only as was conferred upon it by the legislature (Const. 1849, art. VI, sec. 8), while under the present constitution the superior court has jurisdiction "of all matters of probate" (Const., art. VI, sec. 5); and it has also such equitable jurisdiction as may be necessary to the exercise of its proper functions. (*Burris* v. *Kennedy,* 108 Cal. 331, [41 Pac. 458]; *Heydenfeldt* v. *Superior Court,* 117 Cal. 348, [49 Pac. 210]; *Toland* v. *Earl,* 129 Cal. 148, [79 Am. St. Rep. 100, 61 Pac. 914]; *Estate of Freud,* 131 Cal. 673, [82 Am. St. Rep. 407, 63 Pac. 1080]; *More* v. *More,* 133 Cal. 494, [85 Am. St. Rep. 166, 65 Pac. 1044].) It would seem, therefore, that, with this extensive jurisdiction, the court must have the power to require an accounting from the administrator of a deceased administrator, either under the provisions of section 1629 and in the mode there prescribed, or by virtue of its general constitutional jurisdiction and in such mode as the necessity of the case may require; and that its jurisdiction in this regard should be held exclusive.

I assume, therefore, upon the authority of the decisions cited, that it is within the power of the court in the administration of an estate to adopt as the mode of procedure the form of a bill in equity; and to this no objection can be urged when the suit, as in this case, is in the court charged with the administration of the estate; but in such case, the equity suit must be regarded as merely ancillary to the administration and as a part of the proceedings therein. The court will,

therefore, in the present case, upon making the proper parties, have as full jurisdiction to pass on all the questions presented to it as it would have in an ordinary proceeding in the matter of the estate. It will, therefore, not only have jurisdiction of the several questions relating to allowances for extraordinary services, etc., but also to the alleged payment of $940 to Mrs. Victoria Elizalde, who for this purpose should be made a party—as was demanded by the defendants in the case below. As to this, the action of the court should be in conformity with the course pursued in the matter of the *Estate of Moore,* 96 Cal. 527, 530, [31 Pac. 584], the authority of which case has not been affected by the later decision in *Estate of Willey,* 140 Cal. 241, [73 Pac. 998]. I am of the opinion, also, that the credit claimed by the defendants for administrator's fees should be passed upon, as well as every other question that may arise between the pending estate and the estate of the deceased administrator that could be determined in an ordinary proceeding for the settlement of an administrator's account.