[Civ. No. 3948.  Second Appellate District, Division Two.—October 21, 1922.]

JARED H. MILLER et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JURISDICTION—DEFRAUDING OF ESTATE—ACTION TO RECOVER MONEY —PROHIBITION.—Where the executor and certain other persons carry out a conspiracy to defraud the estate, by the approval, allowance, and payment of a claim, a writ of prohibition will not be issued to enjoin the superior court from proceeding with the trial of an action brought by the special administrator subsequently appointed against said executor and said other persons to secure the repayment of the money of which the ·estate was thus defrauded.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County from proceeding with the trial of an action.  Writ denied.

The facts are stated in the opinion of the court.

A. P. Thompson and Kimball Fletcher for Petitioners.

Anderson & Anderson for Respondents.

CRAIG, J.—An action was begun in the superior court for a personal judgment against Jared H. Miller and Cecil A. Miller.  The suit is based upon the claim that one George Miller presented a claim against the estate of Mary Moore Miller, deceased; that at that time Jared H. Miller was the executor of this estate and as such approved and allowed claim, which was also allowed and approved by the judge of the probate court.  It is further alleged that all of those mentioned except the judge conspired and acted together to defraud the estate of Mary Moore Miller, deceased.  In this proceeding we are asked to enjoin the superior court from proceeding with that action.

The complaint contains no allegation that the executor has rendered an account.

It may be that if a contest were properly interposed when Jared H. Miller's account as executor is presented for settle-

ment, the probate court might vacate its order approving and allowing the claim and charge the executor with the amount of it and with interest. [1] However, under these circumstances, there is nothing in the case of *Weihe et al.* v. *Statham et al.*, 67 Cal. 84 [7 Pac. 143], cited by petitioner, which declares that this is the sole remedy provided by law, especially as against joint tort-feasors, some of whom are not directly amenable to the orders of the probate court in the proceeding before it. Regardless of the right of the special administrator to sue Jared H. Miller, this action can be maintained as against Cecil A. Sheward Miller and George A. Miller. If the last-named parties have any money belonging to the estate of Mary Moore Miller, the legal representative thereof may unquestionably bring an action to recover it. Jared H. Miller himself, while executor, could have maintained such an action. The allegation of the complaint in the action sought to be enjoined that the three defendants carried out a conspiracy to defraud the estate and in that way have secured the money whose repayment is demanded gives the court jurisdiction of the subject matter of the action.

The writ is denied.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 18, 1922.

All the Justices present concurred.