## PARKE *v.* HINDS *et als.*

WHERE, on suit against defendants as members of a quartz company, one defendant pleads that he was not a member of the company, and the finding of the Court is, that the allegations of the complaint are true, and that said defendant was a member of the company as to plaintiff, Parke, the finding supports a judgment for plaintiff.

An objection, that the finding is qualified by the words "as to plaintiff, Parke," and, that the facts showing this special relation to him, ought to have been found, should have been taken below, and cannot be raised for the first time on appeal.

APPEAL from the Eleventh District.

Plaintiff had judgment, defendant, Hinds, appeals.

*Sanderson & Newell,* for Appellant.

1. The finding is insufficient; it does not state the facts upon which the conclusions of law and the judgment is based. (Practice Act, Sec. 180; *Hoagland* v. *Clary,* 2 Cal. 474; *Russel* v. *Armador,* Id. 305; *Brown* v. *Brown,* 3 Id. 111; *Estell* v. *Chenery,* Id. 467.)

The finding of a Court must be in the nature of a special verdict. It must find all the facts specially. To state conclusions of law, or conclusions of fact, is not sufficient. (*Doke* v. *Peek,* 1 Code Reporter, 54.)

This case does not come within the rule laid down in *McEwen* v. *Johnson,* (7 Cal. 258,) that a finding may refer to the pleadings for the facts, but comes within the exception to the rule contained in that case.

The conclusion stated in the finding is, that the Appellant was a partner as to the plaintiff, or in other words, as to third persons. The facts which did, or did not, make him a partner as to third persons, are not stated in the pleadings; therefore, a reference to them is not sufficient. (7 Cal. 258.)

The statement, that a person is a partner as to third persons, is not a statement of a fact, but is a conclusion of law, and based upon certain acts or omissions of the party which constitute the facts, which must be stated in the finding, or stated in the pleadings, and referred to in the findings.

*Thomas H. Williams,* for Respondent.

If the complaint stated facts sufficient to constitute a cause of action, and of this there is no doubt, the first finding or subdivision of the finding, was alone sufficient to entitle the plaintiff to a judgment. (See *McEwen et al.* v. *Johnson et al.* 7 Cal. 258.)

Does the expression "as to the plaintiff, Parke," change the legal effect of the finding?

The determination of the issues in this case could not affect the rights of either of the parties outside of this particular case. Finding Hinds a partner in the Cosumnes Valley Mill Co. did not make him a partner as to all the world, or as to any one except the plaintiff. It might become in future important to

him to show that he was a member of the company, and yet he could not do so by the production of this judgment, unless the controversy should be between himself and Parke, or their privies.

Then, what would have been the legal effect of the finding, if it had been in the terms stated, leaving out the expression "as to the plaintiff, Parke?

The answer is inevitable, that Hinds was a partner "as to Parke," or "for the purposes of this action."

If I am correct, there was no impropriety in inserting language which the law would have implied.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

Suit brought against several persons, composing the partnership known as the Cosumnes Valley Quartz Mill Co. The issue was tried as between the Respondents, who were plaintiffs below, and the Appellant, upon the plea of Appellant, that he was not a member of the company, or a partner with his co-defendants during the time when the work was performed, and the money advanced by the plaintiff. The case was tried by the Court, which found that the allegations of the complaint were true, and that the defendant, Hinds, was a member of the company mentioned in the complaint as to the plaintiff, Parke, during the whole time the indebtedness alleged in the complaint accrued. Then followed the conclusion of law, that the plaintiff should have judgment, etc.

A motion for new trial was made and overruled. Two points are insisted upon by Appellant.

1. That the finding is insufficient to sustain the judgment. The point is not well taken under the particular facts. The only issue submitted was the fact fully set out in the complaint, and as fully denied in the answer, that the defendant, Hinds, was a partner in this company at the time given. When the Court passes directly upon the very facts set out in the issue, its finding under our system, is sufficient. It is not a mere conclusion of facts, as the Appellant's counsel insists, but it is the substantial fact put in issue—the whole matter necessary either to be stated or proved. It is argued, however, that this finding

might be sufficient under the rule as held in *McEwen* v. *Johnson*, (7 Cal. 260,) but for the circumstance, that the Court does not simply find that the facts of the plaintiff's complaint are true, but qualifies the finding by the addition of the words, that the defendant, Hinds, was a partner as to the plaintiff, Parke; and this fact of particular relation to Parke was evidently dependent upon facts extraneous to those in the pleadings, which facts, the counsel insists, should have been expressly found. Certainly, the finding is not very explicit in this respect, and it would have been better if more exactness had been used. But, we think, that the defendant should have objected below to the finding on this ground, when the defect could, and probably would, have been remedied. We decided a principle analogous to this in the case of *Algier* v. *Steamer Maria*, at this term. We there held, that when a jury returns a general finding, and also makes response to particular directions or issues of facts submitted to them by the Court, if the losing party objects to the generality or the indefiniteness of the finding upon one of the issues, he must make the objection on the return of the verdict, and that it is too late to wait until the jury are discharged, and then claim to set aside the verdict on this ground. The same principle applies here. The defendant could object below to the finding for this cause. He failed to do so. He moved for a new trial on other grounds. No exception to the judgment or finding on this ground was made below, and we think it too late to raise it in this Court on appeal.

2. Upon the question of the sufficiency of the proofs to justify the finding, we think the Appellant's counsel have underrated the strength of the case made by the Respondent. It is true that the style of the firm did not disclose the names of the partners. But the number is not shown to have been very large, and it is not to be presumed that persons dealing with the firm, especially laborers working on the company's lead, were ignorant of the owners and directors. Hinds seems to have been ostensibly acting as partner after the alleged sale in May, and representing himself to be such. The sale to Young appears to be not a little suspicious. No notice was given of this sale, but after the bill was made to Young it was kept by Hinds in his safe, and Hinds spoke of the share sold as his, and acted towards

the firm as if he were a partner.   He was openly and ostensibly
such before the sale.   He attended the meetings of the company,
was about the lead advising with the others.   We think from
these facts, the jury might well have inferred that the plaintiff
had no better information than the members of the company on
this subject, and that the plaintiff, when he did work for the
company, trusted Hinds, who seemed to be a partner as much as
the rest who really were.   At least, we would not disturb the
verdict upon the ground of insufficiency of proof.

Judgment affirmed.